# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. CRUMLY, | 1:10-cv-02044-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND[2]

Petitioner filed the instant petition for writ of habeas corpus on October 28, 2010. Petitioner indicates that he was arrested on May 31, 2010 on drug related charges. He is currently being detained at the Calaveras County Jail. Petitioner was arraigned on September 15, 2010, and a preliminary hearing was conducted on September 28, 2010. A further arraignment took place on October 8, 2010. Petitioner is now awaiting trial on the charged offenses.

///

---

[1] Petitioner titles his petition as "Writ of Habeas Corpus 28 U.S.C. 2254 & 2255 and Motion to Vacate state case into federal court, to dismiss and discharge defendant prior to trial, and regulate consecutive proceedings to the extent to prevent furthere [sic] departures of justice while maintain[in]g jurisdiction and the security of the United States of America."

[2] This information is taken from the Petition for Writ of Habeas Corpus.

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The Supreme Court has held, however, that federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14, 96 S.Ct. 1236, 1244 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Colorado River, 424 at 818-19, 96 S.Ct. at 1247. "Only in the most unusual circumstances is a defendant entitled to have federal

interposition by way of injunction of habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). The special circumstances that may warrant pretrial federal habeas intervention include harassment, bad faith prosecutions and other circumstances where irreparable harm can be proven. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980), cert. denied, 449 U.S. 1014.

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

In the instant petition, Petitioner is challenging the ongoing state criminal proceedings against him in Calaveras County Superior Court. Petitioner is essentially asking this court to step into the middle of a state civil commitment proceeding and overturn a state court's determination. The court declines to do so and will abstain under Younger. Petitioner currently challenges the ruling at his preliminary hearing and the sufficiency of the State's evidence. The ongoing state criminal proceedings are judicial in nature, and the proceedings involve the important state interest of protecting the public. Moreover, the state court proceedings afford Petitioner an adequate opportunity to challenge the sufficiency of the evidence. Accordingly, Petitioner's claims are barred by the Younger abstention doctrine, and the petition must be dismissed.

///

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 18, 2010              /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE